UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

JORGE JAIMES CONTRERAS &
ELIAS PEREZ-GONZALEZ,

        Plaintiffs,

v.

CHATTAHOOCHEE COUNTRY
CLUB, INC.,

        Defendant.

CIVIL ACTION NO.   2:12-CV-0072

## **COMPLAINT**

### INTRODUCTION

1.

This is an action brought under the Fair Labor Standards Act,

29 U.S.C. §§ 201 *et seq*. (the "FLSA") by former employees of Defendant

Chattahoochee Country Club and, therefore, this Court has original jurisdiction

over this case based on 28 U.S.C. § 1331.

2.

Plaintiffs also assert claims under Georgia State Law and this Court may

exercise supplemental jurisdiction over Plaintiffs' state law claim under 28 U.S.C.

§1367.

3.

Under 28 U.S.C. § 1391, venue is proper in the United States District Court for the Northern District of Georgia because: (1) the Defendant is within the Northern District of Georgia and (2) the events or omissions giving rise to Plaintiffs' claims, as described in this complaint, occurred within the Northern District of Georgia.

4.

As set forth below, during the course of their employment Plaintiffs have not been paid for all time worked and also for all overtime worked. Plaintiffs now seek payment of all unpaid wages, liquidated damages, compensatory damages, punitive damages, attorneys' fees and costs, and any other damages to which they may be entitled under law.

## PARTIES

5.

Plaintiff Jorge Jaimes Contreras is a resident of Hall County, Georgia. Plaintiff Contreras was last employed by Defendant as a Banquet Server from approximately February, 2009 until December, 2011. He hereby consents to this action being filed as evidenced by Exhibit 1 attached to this complaint.

2

6.

Plaintiff Elias Perez-Gonzalez is a resident of Hall County, Georgia and was last employed by Defendant as a Kitchen Helper from approximately April, 2007 to approximately October, 2010. He hereby consents to this action being filed as evidenced by Exhibit 2 attached to this complaint.

7.

Defendant Chattahoochee Country Club, Inc., is a Georgia non-profit corporation engaged in interstate commerce and may be served through its registered agent Richard G.F. Spencer at 162 River Sound Lane, Dawsonville, GA 30534.

8.

Defendant is an "employer" within the definition of the Fair Labor Standards Act.

9.

Defendant is governed by and subject to FLSA §6, 29 U.S.C. §206 and FLSA §7, 29 U.S.C. §207.

3

## STATEMENT OF FACTS

### 10.

At the time of their being hired, Defendant agreed to pay Plaintiffs an hourly wage for all hours worked.

### 11.

In reliance on that agreement, Plaintiffs performed services for Defendant.

### 12.

Defendant required the Plaintiffs and other employees to clock in and out on a time clock so as to have an accurate account of their time worked. Thus, Defendants have a record of all time worked by the Plaintiffs.

### 13.

Despite having an accurate record of the time Plaintiffs and other employees worked, Defendant had a practice of deducting one-half hour of time for each five hour period worked by Plaintiffs and others.

### 14.

For example, if Plaintiffs worked five hours, they were paid for only four and one-half. If they worked ten hours, they were paid for only nine hours and if they worked fifteen hours, which sometimes occurred, they were paid for only thirteen and one-half hours.

15.

However, if they worked four hours and fifty-nine minutes the half-hour
would not be deducted.

16.

Presumably, the deductions were intended to reflect half hour meal periods,
however, Plaintiffs and other employees did not have half-hour meal breaks but
instead were allowed to eat whenever they could get the time and seldom did the
Plaintiffs spend more than ten to fifteen minutes eating.

17.

When Plaintiff Contreras sought an explanation of Defendant's practice he
was told this was the way the time clock was set up and they could not change it.

18.

In order to avoid this illegal deduction of time, Plaintiff Contreras on
occasion would clock out before he finished working since being on the clock for
four hours and fifty nine minutes resulted in being paid for all time work, but
working five hours and twenty nine minutes resulted in being paid for four hours
and fifty-nine minutes.

19.

As a result, Plaintiff Contreras is also entitled to additional compensation for those times that he clocked out early.

20.

Beginning around January 1, 2012, Defendant changed this practice and no longer makes this automatic deduction from its employees' time records.

## COUNT I

## WILLFUL FAILURE TO PAY ALL HOURS WORKED IN EXCESS OF 40 HOURS PER WEEK AT THE REQUIRED OVERTIME RATE IN VIOLATION OF THE FLSA

21.

Plaintiff Contreras, from time to time, worked hours in excess of forty hours per week for which he was not paid the regular rate of overtime premium, in part, as a result of Defendant's policy of unlawfully deducting time from his hours worked.

22.

Defendant's failure to pay Plaintiff Contreras 1.5 times his regular rate for all hours worked in excess of 40 hours in a workweek is a violation of the FLSA.

23.

6

Defendant, pursuant to its policies and practices, willfully refused and failed to pay Plaintiff the premium overtime rate for all hours worked in excess of 40 hours per workweek.

24.

Defendant lacked reasonable grounds for believing its pay practices comported with the requirements of the FLSA.

25.

Defendant's conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

26.

Plaintiff Contreras seek damages in the amount of his unpaid overtime wages, liquidated damages as provided under the FLSA, and such other legal and equitable relief as the Court deems proper.

27.

Plaintiff Contreras also seeks the recovery of his attorney's fees and costs as provided by the FLSA.

## COUNT II

## BREACH OF CONTRACT

### 28.

Plaintiffs Contreras and Gonzalez had oral agreements with Defendant to perform services as at-will employees in exchange for payment of wages.

### 29.

Under the terms of their respective oral agreements, Plaintiffs were to be paid on an hourly basis for all hours worked.

### 30.

Plaintiffs performed services for Defendant as at-will employees under the terms of their oral contracts with Defendant.

### 31.

Defendant breached its oral contracts with Plaintiffs by failing to pay Plaintiffs their agreed upon hourly rate for all hours worked, specifically including but not limited to hours Defendant deducted from Plaintiffs' time cards and also to any time worked off the clock.

### 32.

As a result of Defendant's breach of their respective oral contracts, Plaintiffs have suffered damages in an amount equal to their unpaid wages.

8

33.

Defendant's decision not to pay Plaintiffs all wages they earned for services actually performed was for arbitrary or capricious reasons, was based on an improper pecuniary motive, or was predicated on dishonesty or illegality.

34.

Therefore, Defendant's breach of its oral agreements with Plaintiffs was in bad faith and was a breach of Defendant's implied duty of good faith and fair dealing.

35.

Thus, Plaintiffs are entitled to recover an amount equal to their unpaid wages, plus interest, and their attorney's fees and litigation expenses.

## PRAYER FOR RELIEF

Based on the allegations set forth in this complaint and the evidence as it is developed in this case, Plaintiffs respectfully pray that:

1.      The Court enter judgment in favor of Plaintiffs as to each of the claims in this complaint;

2.      As to Count I, the Court enter judgment against Defendant that its violations of the FLSA were willful;

3.     As to Count I, the Court enter judgment in favor of Plaintiff Contreras and award him his unpaid overtime wages and liquidated damages in an equal amount as provided for under the FLSA and such other legal and equitable relief as the Court deems proper;

4.     As to Count II, the Court enter judgment in favor of Plaintiffs and award them their unpaid wages due to Defendant's breach of its oral agreements with Plaintiffs, plus interest;

5.     The Court enter judgment in favor of Plaintiffs and award them all costs and attorneys' fees incurred in prosecuting these claims as provided for under the FLSA and Georgia state law;

6.     The Court grant Plaintiffs all other further relief as the Court deems just and proper; and

7.     Plaintiffs, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, demand a trial by jury.

Respectfully submitted,

s/Janet E. Hill
Georgia Bar No. 354230
HILL & ASSOCIATES, P.C.
Attorneys for Plaintiff
1160 S. Milledge Ave, Suite 140
Athens, Georgia 30605
(706) 353-7272
janetehill@bellsouth.net