## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINSVILLE DIVISION

| | | |
|---|---|---|
| JORGE JAIMES CONTRERAS | : | |
| & | : | |
| ELIAS PEREZ-GONZALEZ, et al. | : | CIVIL ACTION FILE NO. |
| | : | 2:12-CV-00072-WCO |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| CHATTAHOOCHEE COUNTRY CLUB, INC. | : | |
| | : | |
| Defendant. | | |

**JOINT MOTION FOR COURT REVIEW AND APPROVAL OF
SETTLEMENT AGREEMENT AND DISMISSAL OF CASE WITH
<u>PREJUDICE AND MEMORANDUM IN SUPPORT THEREOF</u>**

COME NOW, Jorge Jaimes Contreras, Elias Perez-Gonzalez and Seth Parker (the Plaintiffs herein) and the Defendant Chattahoochee Country Club, Inc. (the Defendant herein) and jointly file this Motion for Court Review and Approval of Settlement Agreement and Dismissal of Case With Prejudice.

## I.   <u>INTRODUCTION</u>

The parties respectfully request that the Court review the terms of the Settlement Agreement (filed hereto as Exhibit A) and grant the proposed Order approving the Settlement Agreement as per <u>Lynn's Food Stores, Inc. v. United</u>

States, 679 F.2d 1350 (11th Cir. 1982) and dismiss the case *with prejudice* based on the grounds fully set forth herein.

## II.   MEMORANDUM OF LAW

The parties request the Court review and approve the Settlement Agreement so that the resolution of the case will be in accord with the Eleventh Circuit's decision concerning compromising and/or settling of Fair Labor Standards Act (FLSA) claims, Lynn's Food Stores v. United States, 679 F.2d 1350 (11th Cir. 1982).  In Lynn's Food Stores, the Eleventh Circuit set forth two ways in which wage claims arising under the Fair Labor Standards Act may be settled or compromised by employees.  The first is through a payment with the Secretary of Labor. The second is for a private suit to be filed by employees and for the settlement to be reviewed and approved by the Court. It is the second of these procedures the parties are following in this case.

Here, Plaintiffs Contreras, Gonzales and Parker allege violations of the FLSA and a Georgia state law contract claim for unpaid hourly wages.

Based upon these two separate claims for relief, initially Plaintiff Contreras sought $3606.00, Plaintiff Gonzales sought $2,000.00, and Plaintiff Parker sought $4,000.00, in back pay, liquidated and other damages.  After negotiations, Plaintiffs and Defendant have agreed to pay Plaintiff Contreras $2,248.25, Plaintiff Gonzalez

$1,002.75 and Plaintiff Parker $2,315.50 in back wages, liquidated and other damages.

The Defendant denies liability, but has agreed to pay the compromised settlement amounts. The parties have been represented by counsel throughout the negotiation of the Settlement Agreement and agree that the above amounts are reasonable in light of the facts and law. The Plaintiffs voluntarily release their wage and compensation claims against Defendant and other entities in exchange for sufficient consideration.

### III.   PLAINTIFFS' ATTORNEY FEES ARE REASONABLE AND SHOULD BE APPROVED[1]

After the parties agreed upon the amount of compensation to be paid to the Plaintiffs, the parties negotiated the reasonable attorneys' fees and costs to be paid to Plaintiffs' attorney. Under the FLSA, a prevailing party is entitled to attorneys' fees and costs. In this action, Plaintiff's counsel, Janet E. Hill, seeks to be paid $4,000.00 for attorneys' fees and $380.00 in costs, as negotiated by the parties. This amount has also been agreed to by Defendant. The requested fee is reasonable taking into considering the legal criteria for awarding attorneys' fees under fee shifting statutes. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Norman v.

---

[1] Defendant joins in this portion of the Motion only to the extent Defendant has agreed to the attorneys' fee amount of $4,000.00 and that it is a reasonable fee.

<u>Hous. Auth. Of the City of Montgomery</u>, 836 F.2d 1292, 1303 (11th Cir. 1988).

Plaintiff's counsel's contracts with the plaintiffs provide, if the case is settled after filing suit, for a contingency fee of **either** forty percent (40%) of the total gross amount the wrongdoer agrees to pay (including any portion of the gross amount designated as attorney's fees/expenses) **or** the accrued full hourly fees (at a rate between $325 and $375 per hour[2]), whichever is greater. (Exhibit B, Declaration of Janet E. Hill)

Plaintiffs' counsel has expended 17.5 hours[3] on this case up to the point of this Motion being filed. Plaintiff's counsel's current hourly rate is $350 per hour, a rate at which she bills and is paid by clients and which is consistent with the rates charged by other attorneys with similar skills and experience. At $350 per hour, Plaintiffs'attorney has accrued $6,125.00 in attorneys' fees, but has agreed to reduce her fees to $4,000.00 in order to facilitate settlement. (Exhibit B)

Because Plaintiffs' counsel has presented evidence of her hours expended, her skills and qualifications and her usual hourly rate, the parties request that this

---

[2]  Ms. Hill's attached affidavit reflects that she bills and is paid at the rate of $350 per hour for her time in employment related matters and that $350 is a reasonable hourly rate for her services based on her thirty years of experience practicing employment law and the rates charged by other attorneys with similar skills and qualifications in the Northern District. (Exhibit B)

[3] Plaintiff's counsel expended additional time but has adjusted her total time downward in the exercise of billing judgment and to further assist in resolving this matter. Plaintiff's counsel will expend additional time completing this case for which she has agreed to not be compensated.

Court approve her requested fee of $4,000.00 and costs of $380.00. (Exhibit B)

WHEREFORE, the parties respectfully request the Court approve the attached settlement agreement and dismiss this action with prejudice.

A proposed Order is attached hereto.

This the 15th day of October, 2012.

JOINT FILED BY:

| | |
|---|---|
| */s/ Janet E. Hill* | */s/ Martin B. Heller* |
| Janet E. Hill | Joyce M. Mocek |
| Georgia Bar No. 354230 | Georgia Bar No. 515005 |
| Hill & Associates, P.C. | Martin B. Heller, Esq. |
| 1160 S. Milledge Ave – Suite 140 | Georgia Bar No. 360538 |
| Athens, Georgia 30605 | FREEMAN, MATHIS & GARY, LLP |
| T:  (706) 353-7272 | 100 Galleria Parkway |
| E: janetehill@bellsouth.net | Suite 1600 |
| | Atlanta, Georgia  30339 |
| | T: (770)818-0000 |
| | F:  (770)937-9960 |
| | E-mail: mheller@fmglaw.com |
| | |
| Counsel for Plaintiffs | Counsel for Defendant |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINSVILLE DIVISION**

| | | |
|---|---|---|
| **JORGE JAIMES CONTRERAS** | **:** | |
| **&** | **:** | |
| **ELIAS PEREZ-GONZALEZ, et** | **:** | |
| **al.** | **:** | **CIVIL ACTION FILE NO.** |
| | **:** | **2:12-CV-00072-WCO** |
| **Plaintiffs,** | **:** | |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **CHATTAHOOCHEE** | **:** | |
| **COUNTRY CLUB, INC.** | **:** | |
| | **:** | |
| **Defendant.** | | |

## ORDER

Upon application of the parties and upon review of the private settlement agreement agreed to by the parties in this action, the Court has reviewed this matter and concludes that the terms of the settlement agreement are reasonable and satisfactory. This Court thereby orders that the above-styled action be DISMISSED WITH PREJUDICE.

This the _____ day of _____, 2012.

_____
JUDGE WILLIAM C. O'KELLEY
UNITED STATES DISTRICT JUDGE