## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINSVILLE DIVISION

| | | |
|---|---|---|
| JORGE JAIMES CONTRERAS | : | |
| & | : | |
| ELIAS PEREZ-GONZALEZ, et | : | |
| al. | : | **CIVIL ACTION FILE NO.** |
| | : | **2:12-CV-00072-WCO** |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| CHATTAHOOCHEE | : | |
| COUNTRY CLUB, INC. | : | |
| | : | |
| Defendant. | | |

## AGREEMENT AND RELEASE

### 1.   Parties And Released Parties:

This document sets forth the terms and conditions of the Agreement and General Release (hereinafter "Agreement") by and between Jorge Jaimes Contreras ("Contreras"), Elias Perez-Gonzalez ("Gonzalez") and Seth Parker ("Parker") (collectively "the Releasors") and Chattahoochee Country Club, Inc. ("the Defendant"). The term "Releasees" as used herein shall be defined as the Defendant and all of its corporate parents, subsidiaries, divisions and affiliates, officers, directors, board members, representatives, employees, shareholders, servants, agents, officials, insurers, and attorneys. In consideration of the mutual covenants and

1

agreements set forth below, the parties agree as follows:

2.     **Payment And Consideration:**

A.     Upon execution of this Agreement and Release as provided for below, the Defendant shall pay Contreras a sum of two thousand two hundred and forty eight dollars and twenty five cents ($2,248.25), which represents $1,124.13 in back wages and $1,124.12 in liquidated and other damages; Gonzalez a sum of one thousand and two dollars and seventy five cents ($1,002.75), which represents $501.38 in back wages and $501.38 in liquidated and other damages and Parker a sum of two thousand three hundred and fifteen dollars and fifty cents ($2,315.50), which represents $1,157.75 in back wages and $1,157,75 in liquidated and other damages.  Defendant also shall pay the Releasors' attorney $4,380.00 for attorney's fees and costs.  Each Releasor will be paid via two separate checks and the parties recognize and agree that any and all back pay payments are subject to applicable taxes and withholdings.  Defendant agrees that the above sums will be received by Releasors' counsel no later than ten (10) days following the Court's approval of this settlement.

B.     The parties recognize that there is a legitimate dispute between the parties regarding the legal merits of this matter and that the payments above

represent a negotiated reasonable compromise in light of the laws and facts applicable to this case.

C.      The parties recognize that the Releasors have filed a Complaint in the above-referenced action and that the parties intend to promptly file a Joint Motion for Court Review and Approval of Settlement Agreement and Dismissal of Case With Prejudice in the form attached as Exhibit A.  The Releasors and their counsel acknowledge and agree that, in the event that the Court denies the parties' Joint Motion and the parties cannot, thereafter, secure Court approval of a mutually acceptable settlement agreement within 45 days of the Court's Order denying the Joint Motion, the Releasors and their counsel agree to promptly return any settlement payments to the Defendant and that any settlement is null and void.

3.      **Release:**

A.      For and in consideration of the total payment specified above and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Releasors knowingly and voluntarily release and forever discharge the Releasees from any and all claims which Releasors now have or may have hereafter, directly or indirectly, personally or in a representative capacity, against Releasees, that arise out of, concern, or relate to their compensation and payment of wages under federal or state law by Defendant or any affiliated employer.  This

Release includes all claims for attorneys' fees, expenses and costs, including all claims which were asserted or which could have been appropriately asserted in this action under the Fair Labor Standards Act ("FLSA").

B.      It is further understood and agreed that this Agreement and the payment made hereunder constitutes full and final satisfaction of all claims of every nature, direct or indirect, against all persons, firms, or corporations who are or might be held to be joint and/or successor tortfeasors, with any of the parties released hereby, as well as those to whom any of the parties released are, or may be held to be, liable by way of contribution or indemnity for the payment of all or any part of any claim arising out of, or directly or indirectly related to the claims for wages and compensation released in this Agreement.

### 4.      Knowing And Voluntary Waiver And Release:

A.      It is understood and agreed that this Agreement is executed by the Releasors knowingly and voluntarily and is not based upon any representations or statements of any kind by any person as to the merits, legal liabilities or value of the Releasors' claims.

B.      The Releasors also acknowledge that no promise or inducement has been offered or made except as set forth in this Agreement.  The Releasors

further acknowledge that consideration for this Agreement consists of financial payments and benefits to which the Releasors otherwise have no legal entitlement.

C.     As part of the consideration for the conditions of the settlement as set forth herein, the Releasors expressly warrant and represent to the Defendant that: (a) the Releasors are legally competent to execute this Agreement; (b) the Releasors have not assigned, pledged, or otherwise in any manner whatsoever sold or transferred, either by instrument in writing or otherwise, any claim, cause of action, or other legal right of whatever kind and nature, which the Releasors have or may have by reason of the matters described in the Complaint or any matters arising out of or relating thereto; and (c) there are no outstanding subrogation claims or liens of any type or character, by reason of the incident detailed herein.

**5.     Right To Retain Advisor Or Counsel:**

It is understood that the Releasors have the right and opportunity to consult fully with legal counsel or other advisors prior to signing this Agreement and are hereby advised to consult with legal counsel prior to signing this Agreement.

**6.     Entire Agreement:**

A.     This Agreement constitutes the entire agreement between the Releasors and the Releasees pertaining to those subjects contained in it and

supersedes all prior and contemporaneous agreements, representations and understandings. It is expressly understood and agreed that this Agreement may not be altered, amended, modified or otherwise changed in any respect or particular manner whatsoever except by a writing duly executed by the Releasors and an authorized representative of the Defendant.

B.    In the event a portion of this Agreement is held to be legally invalid by a competent court of law, the invalid portion shall be stricken and all other obligations shall remain valid and mutually binding on the parties and not be affected thereby.

### 7.    Effective Date:

The Releasors acknowledge that, upon execution of this Agreement, the Agreement will be binding upon the Releasors and the Defendant and is irrevocable.

### 8.    Confidentiality:

A.    The understanding set forth in this Agreement shall be considered of the highest confidentiality. The parties recognize that the obligation of confidentiality described in this paragraph is a fundamental condition of this Agreement.

B.    The parties agree that they will not make any disclosure concerning the terms of this Agreement to any person or entity, except as required by

law.    Nothing  contained  herein  shall  be  construed  to  prevent  the  parties  from disclosing the amount and terms of settlement to their respective financial advisors or accountants, auditors or attorneys or reporting to tax authorities or to any regulatory agency or court when required by law or court order to do so.

9.      **Successors And Assigns:**

This Agreement shall be binding upon the Releasors and the Releasors' heirs, executors, administrators, assigns, successors, beneficiaries, employees and agents, and shall inure to the benefit of the Releasees and their predecessors, successors and assigns.

10.     **Non-Admission:**

The  Releasors  acknowledge  that  the  payment  set  forth  herein  does  not constitute any admission of liability on the part of the Releasees, by whom liability is expressly denied.  This Agreement shall not be deemed an admission of liability or a violation of any law, rule, regulation or order, of any kind.  In particular, the parties explicitly  agree  that  this  Agreement  shall  not  be  deemed  an  admission  that  the Defendant violated the FLSA or that the Releasors are entitled to liquidated damages.

11.     **Miscellaneous:**

A.     The Releasors acknowledge that the Releasors have had reasonable and sufficient time to consider whether or not the Releasors desire to enter into this Agreement and any decision by the Releasors to execute this Agreement prior to that time is a knowing and voluntary decision.

B.     The Releasors agree to indemnify and hold the Releasees harmless from any claims, deficiencies, levies, assessments, executions, judgments or recoveries by any government entity against the Releasees for any amounts claimed due on account of this Agreement or pursuant to claims made under any federal or state tax laws, and any costs, expenses or damages sustained by the Defendant by reason of any such claims, including any amounts paid by the Defendant as taxes, attorney fees, deficiencies, levies, assessments, fines, penalties, interest or otherwise.

C.     The parties agree that this Agreement shall be governed by, interpreted, and construed in accordance with the laws of the State of Georgia and that any dispute arising out of its terms, including any alleged breach, shall exclusively be heard in the federal or state courts in the State of Georgia.

D.     The parties hereby acknowledge and agree that this Agreement may be executed in multiple counterparts, each of which shall be deemed an original. All counterparts shall constitute one agreement binding on each of the

8

parties hereto, regardless of whether each party hereto is a signatory to the same

counterpart.  Fax signatures, in lieu of original signatures, are acceptable.

IN AGREEMENT HERETO, the Releasors and the below representative of the Defendant set their hand and seal.

_____                    _____
Jorge Jaimes Contreras                              Date


_____                    _____
Elias Perez-Gonzalez                                Date


_____                    _____
Seth Parker                                         Date


_____                    _____
Janet E. Hill                                       Date
Attorney for the Releasors


_____                    _____
On behalf of Chattahoochee Country Club             Date


_____                    _____
Joyce M. Mocek                                      Date
Attorney for the Defendant

10

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINSVILLE DIVISION**

| | | |
|---|---|---|
| **JORGE JAIMES CONTRERAS** | **:** | |
| **&** | **:** | |
| **ELIAS PEREZ-GONZALEZ, et** | **:** | |
| **al.** | **:** | **CIVIL ACTION FILE NO.** |
| | **:** | **2:12-CV-00072-WCO** |
| **Plaintiffs,** | **:** | |
| | **:** | |
| **v.** | **:** | **EXHIBIT A** |
| | **:** | |
| **CHATTAHOOCHEE** | **:** | |
| **COUNTRY CLUB, INC.** | **:** | |
| | **:** | |
| **Defendant.** | | |

**JOINT MOTION FOR COURT REVIEW AND APPROVAL OF**
**SETTLEMENT AGREEMENT AND DISMISSAL OF CASE WITH**
**PREJUDICE AND MEMORANDUM IN SUPPORT THEREOF**

COME NOW, Jorge Jaimes Contreras, Elias Perez-Gonzalez and Seth Parker

(the Plaintiffs herein) and the Defendant Chattahoochee Country Club, Inc. (the

Defendant herein) and jointly file this Motion for Court Review and Approval of

Settlement Agreement and Dismissal of Case With Prejudice.

## I.     INTRODUCTION

The parties respectfully request that the Court review the terms of the

Settlement Agreement (filed hereto as Exhibit 1) and grant the proposed Order

approving the Settlement Agreement as per Lynn's Food Stores, Inc. v. United

<u>States</u>, 679 F.2d 1350 (11th Cir. 1982) and dismiss the case *with prejudice* based on the grounds fully set forth herein.

## II.    <u>MEMORANDUM OF LAW</u>

The parties request the Court review and approve the Settlement Agreement so that the resolution of the case will be in accord with the Eleventh Circuit's decision concerning compromising and/or settling of Fair Labor Standards Act (FLSA) claims, <u>Lynn's Food Stores v. United States</u>, 679 F.2d 1350 (11th Cir. 1982).  In <u>Lynn's Food Stores</u>, the Eleventh Circuit set forth two ways in which wage claims arising under the Fair Labor Standards Act may be settled or compromised by employees.  The first is through a payment with the Secretary of Labor. The second is for a private suit to be filed by employees and for the settlement to be reviewed and approved by the Court. It is the second of these procedures the parties are following in this case.

Here, Plaintiffs Contreras, Gonzales and Parker allege violations of the FLSA and a Georgia state law contract claim for unpaid hourly wages.

Based upon these two separate claims for relief, initially Plaintiff Contreras sought $3606.00, Plaintiff Gonzales sought $2,000.00, and Plaintiff Parker sought $4,000.00, in back pay, liquidated and other damages.  After negotiations, Plaintiffs and Defendant have agreed to pay Plaintiff Contreras $2,248.25, Plaintiff Gonzalez

$1,002.75 and Plaintiff Parker $2,315.50 in back wages, liquidated and other damages.

The Defendant denies liability, but has agreed to pay the compromised settlement amounts. The parties have been represented by counsel throughout the negotiation of the Settlement Agreement and agree that the above amounts are reasonable in light of the facts and law. The Plaintiffs voluntarily release their wage and compensation claims against Defendant and other entities in exchange for sufficient consideration.

### III. PLAINTIFFS' ATTORNEY FEES ARE REASONABLE AND SHOULD BE APPROVED[1]

After the parties agreed upon the amount of compensation to be paid to the Plaintiffs, the parties negotiated the reasonable attorneys' fees and costs to be paid to Plaintiffs' attorney. Under the FLSA, a prevailing party is entitled to attorneys' fees and costs. In this action, Plaintiff's counsel, Janet E. Hill, seeks to be paid $4,000.00 for attorneys' fees and $380.00 in costs, as negotiated by the parties. This amount has also been agreed to by Defendant. The requested fee is reasonable taking into considering the legal criteria for awarding attorneys' fees under fee shifting statutes. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Norman v.

---

[1] Defendant joins in this portion of the Motion only to the extent Defendant has agreed to the attorneys' fee amount of $4,000.00 and that it is a reasonable fee.

Hous. Auth. Of the City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).

Plaintiff's counsel's contracts with the plaintiffs provide, if the case is settled after filing suit, for a contingency fee of **either** forty percent (40%) of the total gross amount the wrongdoer agrees to pay (including any portion of the gross amount designated as attorney's fees/expenses) **or** the accrued full hourly fees (at a rate between $325 and $375 per hour[2]), whichever is greater. (Exhibit B, Declaration of Janet E. Hill)

Plaintiffs' counsel has expended 17.5 hours[3] on this case up to the point of this Motion being filed. Plaintiff's counsel's current hourly rate is $350 per hour, a rate at which she bills and is paid by clients and which is consistent with the rates charged by other attorneys with similar skills and experience. At $350 per hour, Plaintiffs'attorney has accrued $6,125.00 in attorneys' fees, but has agreed to reduce her fees to $4,000.00 in order to facilitate settlement. (Exhibit B)

Because Plaintiffs' counsel has presented evidence of her hours expended, her skills and qualifications and her usual hourly rate, the parties request that this

---

[2]  Ms. Hill's attached affidavit reflects that she bills and is paid at the rate of $350 per hour for her time in employment related matters and that $350 is a reasonable hourly rate for her services based on her thirty years of experience practicing employment law and the rates charged by other attorneys with similar skills and qualifications in the Northern District. (Exhibit B)

[3] Plaintiff's counsel expended additional time but has adjusted her total time downward in the exercise of billing judgment and to further assist in resolving this matter. Plaintiff's counsel will expend additional time completing this case for which she has agreed to not be compensated.

4

Court approve her requested fee of $4,000.00 and costs of $380.00. (Exhibit B)

WHEREFORE, the parties respectfully request the Court approve the attached

settlement agreement and dismiss this action with prejudice.

A proposed Order is attached hereto.

This the 15th day of October, 2012.


JOINT FILED BY:

/s/ *Janet E. Hill*                                  */s/ Martin B. Heller*
Janet E. Hill                                        Joyce M. Mocek
Georgia Bar No. 354230                               Georgia Bar No. 515005
Hill & Associates, P.C.                              Martin B. Heller, Esq.
1160 S. Milledge Ave – Suite 140                     Georgia Bar No. 360538
Athens, Georgia 30605                                FREEMAN, MATHIS & GARY, LLP
T:  (706) 353-7272                                   100 Galleria Parkway
E: janetehill@bellsouth.net                          Suite 1600
                                                     Atlanta, Georgia  30339
Counsel for Plaintiffs                               T: (770)818-0000
                                                     F:  (770)937-9960
                                                     E-mail: mheller@fmglaw.com

                                                     Counsel for Defendant

5

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### GAINSVILLE DIVISION

| | |
|---|---|
| **JORGE JAIMES CONTRERAS** : | |
| **&** : | |
| **ELIAS PEREZ-GONZALEZ, et** : | |
| **al.** : | **CIVIL ACTION FILE NO.** |
| : | **2:12-CV-00072-WCO** |
| **Plaintiffs,** : | |
| : | |
| **v.** : | |
| : | |
| **CHATTAHOOCHEE** : | |
| **COUNTRY CLUB, INC.** : | |
| : | |
| **Defendant.** | |

## ORDER

Upon application of the parties and upon review of the private settlement agreement agreed to by the parties in this action, the Court has reviewed this matter and concludes that the terms of the settlement agreement are reasonable and satisfactory.   This Court thereby orders that the above-styled action be DISMISSED WITH PREJUDICE.

This the _____ day of _____, 2012.

_____
JUDGE WILLIAM C. O'KELLEY
UNITED STATES DISTRICT JUDGE